MDR

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Ross Jordan, | No. CV 11-1847-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Paul Babeu, et al., | |
| Defendants. | |

Plaintiff Cedric Ross Jordan, who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). The Court will dismiss the action.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would

undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

**III. Complaint**

In his one-count Complaint, Plaintiff sues the following individuals at the Pinal County Sheriff's Office's Adult Detention Facility: Sheriff Paul Babeu, Commander/Captain Ruben Montano, Grievance Coordinator N. Youssef, and Disciplinary Detention Officer Orozco.

Plaintiff alleges that he was denied his First Amendment right of access to the courts. Plaintiff states that his phone privileges were restricted for seven days by Defendant Orozco as a disciplinary sanction and that Defendant Orozco did not exempt from the restriction Plaintiff's legal calls with his attorney. Plaintiff contends that he was prevented from communicating with his attorney during a crucial juncture in the criminal proceedings; Plaintiff claims that he had a limited time to accept a plea offer and his inability to communicate with his attorney resulted in the county attorney rescinding the plea offer and indicting Plaintiff.[1] Plaintiff asserts that, if convicted, he could be sentenced to ten years' imprisonment. Plaintiff asserts that Defendants Babeu, Montano, and Youssef were aware that Plaintiff was being denied his legal telephone calls but did not "provide[] Plaintiff with assistance" in making legal calls, did not "aid[] the Plaintiff in any way to gain access to the courts," and "continued to '<u>deprive</u>' the Plaintiff of access to the legal phone." (Emphasis in original.)

In his Request for Relief, Plaintiff seeks 100 million dollars in damages.

. . . .

. . . .

---

[1] Although Plaintiff asserts that was indicted "for not accepting a plea agreement by telephone," the Notice of Supervening Indictment attached to his Complaint reflects that he was indicted for Aggravated Assault and Prisoner Assault with Bodily Fluids.

- 3 -

**IV.    Failure to State a Claim**

"Indigent inmates have a constitutional right to meaningful access to the courts." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987) (citing Bounds v. Smith, 430 U.S. 817, 821-23 (1977)).  This includes access to a lawyer for trial.  See Bounds, 430 U.S. at 825.

However, "prisoners do not have a right to any particular means of access, including unlimited telephone use."  Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992).  There is "no established minimum requirement that a state must meet in order to provide indigent inmates with adequate access to the courts."  King, 814 F.2d at 568.  A court must determine whether the individual inmate before the court has been denied meaningful access.  Id.

To establish that he was denied meaningful access to the courts, a plaintiff must submit evidence showing that he suffered an "actual injury" as a result of the defendants' actions.  See Lewis v. Casey, 518 U.S. 343 (1996).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Id. at 348.

Plaintiff has failed to demonstrate that being deprived of telephone privileges for seven days as a disciplinary sanction denied him access to the courts.  Although Plaintiff may have been unable to call his attorney, Plaintiff does not allege that he was prohibited from writing his attorney to request a meeting or meeting in person with his attorney.[2]  Cf. Pino v. Dalsheim, 558 F. Supp. 673, 674-75 (S.D.N.Y. 1983) (although plaintiff and his attorney would have preferred to communicate by telephone, the state "is not obligated to provide the *best* manner of access," and, therefore, there was no constitutional violation where inmate was limited to two, eight-minute phone conversations per month but was allowed unlimited

---

[2]It appears from the Notice of Supervening Indictment that Plaintiff was represented by the Pinal County Public Defender's Office. The Court notes that the Pinal County Adult Detention Center and the Pinal County Public Defender's Office are located less than two miles apart. It is unclear why Plaintiff's defense attorney would not have gone to the Adult Detention Center if he was unable to contact Plaintiff and was engaged in "[crucial] negotiations with the Pinal County Attorney's Office" on Plaintiff's behalf. (Emphasis in original.)

- 4 -

mail correspondence with his attorney and unlimited private visits). Plaintiff has failed to state a claim and, therefore, the Court will dismiss Plaintiff's Complaint.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 30th day of September, 2011.

_____
David G. Campbell
United States District Judge